UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MANUEL PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TULARE, CORPORAL GERMAN BARRIOS, KELLY HARBROUN, AND DOES 1-5,<br><br>　　　　　Defendants. | 1:24-cv-00054-KES-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 36) |

Plaintiff Jesus Perez Plaintiff filed his initial complaint on January 11, 2024 (ECF No. 1). Generally, Plaintiff alleges that his rights were violated when he was arrested in relation to an investigation of a person with the same first and last name as Plaintiff. Plaintiff filed a first amended complaint on November 20, 2024. (ECF No. 19).

On October 21, 2025, Plaintiff filed a motion to amend the Complaint for a second time. (ECF No. 36). Plaintiff seeks to amend the complaint to redesignate one of the Doe defendants as Roxann Martinez, a City of Tulare Records Specialist, based on her deposition testimony indicating that she printed information about Plaintiff, which was used to prepare his arrest warrant. (ECF No. 36, p. 1; 36-1, p.2)

For the following reasons, the Court will grant Plaintiff leave to file a Second Amended Complaint.

1

## I.  BACKGROUND

Plaintiff filed his initial complaint on January 11, 2024. (ECF No. 1). Plaintiff named as defendants: the City of Tulare; Corporal German Barrios, a law enforcement officer employed by the City of Tulare; and DOES 1 to 5, agents or employees of City of Tulare. (*Id.,* p. 2). Plaintiff's claims allege that City of Tulare employed Defendant Barrios and DOES 1-5, whose actions or omissions during the course of an investigation lead to the unlawful arrest and seizure of Plaintiff. (*See* ECF No. 1).

Plaintiff alleged that on February 28, 2023, officers from the City of Tulare Police Department responded to a residence regarding the alleged sexual assault of a minor by an unrelated adult named Jesus Olvera Perez. (*Id.,* p. 3). Defendant Barrios conducted an in-person meeting with Jesus Olvera Perez who admitted to meeting the minor via Facebook and subsequently engaging in unlawful acts. (*Id.*). During the meeting, Defendant Barrios obtained Jesus Olvera Perez's name, birthdate, physical characteristics, and other identifying information. (*Id.*). Plaintiff Jesus Manuel Perez has a different date of birth and physical characteristics than Jesus Olvera Perez, however when Defendant Barrios authored the probable cause statement, Defendant Barrios incorrectly identified Plaintiff instead of Jesus Olvera Perez. (*Id.*). The probable cause statement was submitted to Defendant Deputy District Attorney Kelly Harbroun, who drafted a declaration in support of an arrest warrant and attached the declaration to the incorrect probable cause statement. (*Id.,* p.4) A Tulare County Superior Court Judge issued a facially invalid arrest warrant for Plaintiff that failed to meet the particularity requirement of the Fourth Amendment and led to his unlawful arrest. (*Id.*).

Plaintiff filed his First Amended Complaint on November 20, 2024. The only substantive change was the addition of Deputy District Attorney Kelly Harbroun as a defendant. (ECF No. 15).

On October 21, 2025, Plaintiff filed a motion to amend the complaint for a second time, along with a declaration under penalty of perjury from Plaintiff's counsel. (ECF No. 36). The Second Amended Complaint seeks to replace one of the Doe defendants with Roxann Martinez, a Records Specialist employed by the City of Tulare. (*Id.,* p. 1).

Plaintiff's motion explains that, on September 29, 2025, Roxann Martinez provided deposition testimony that she printed a RAP sheet with criminal history for Plaintiff, rather than the true target of the investigation, and this information was then uploaded to the District Attorney Portal. (ECF No. 36-1, p. 4). Plaintiff alleges Ms. Martinez further testified that "she now knows that she sent the rap sheet for the wrong person and that Jesus Manuel Perez was arrested for a crime he did not commit." (*Id.*).

On October 14, 2025, Defendant Kelly Habroun indicated she would stipulate to the filing of the Proposed Second Amended Complaint. Defendant Harbroun filed a non-opposition to Plaintiff's motion to amend on November 3, 2025. (ECF No. 38).

On November 4, 2025, Defendant Barrios filed an opposition to Plaintiff's motion to amend. (ECF No. 39). Defendant argues that Plaintiff's motion to amend his complaint should be denied primarily because the asserted claims are futile.

> First, Plaintiff's proposed amendment does not allege that Roxann Martinez acted intentionally in order to restrain and seize Plaintiff. Second, Roxann Martinez is immune from liability for all state law claims pursuant to California Government Code §821.6. Third, Roxann Martinez's conduct does not rise to the standard of "outrageous." Fourth, Roxann Martinez's conduct was not the proximate cause of Plaintiff's arrest. Finally, Plaintiff's motion is untimely and fails to show good cause.

(ECF No. 39, p. 3).

Plaintiff filed a reply on November 7, 2025. (ECF No. 40).

## II.    LEGAL STANDARD

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court.  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

3

1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

## III.   ANALYSIS

The Court examines the factors relevant to whether to grant leave to amend, specifically bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

As an initial matter, the Court finds no evidence of bad faith or undue delay by the Plaintiff. While Plaintiff has previously amended the complaint, Plaintiff only recently conducted the deposition of Ms. Martinez on September 29, 2025, and after hearing her testimony, immediately reached out to Roxann Martinez's counsel seeking a stipulation to file a Second Amended Complaint replacing a Doe defendant with Ms. Martinez. (ECF No. 36-1, p.4). Plaintiff filed his motion to amend the complaint less than a month later.

Regarding prejudice to the opposing party, while this case has been pending for almost two years, it is still in the discovery phase. Moreover, the amended claims concern the same underlying incident at issue in the currently pending claims, and Ms. Martinez is being substituted for one of the Doe Defendants who are generally described in Plaintiff's complaint.

Regarding futility, Defendant Barrios argues that the facts are not sufficient for any of the asserted claims because Ms. Martinez failed to act with sufficient intentionality, and that she would be entitled to immunity as to some of the claims. In response, Plaintiff asks the

Court to defer a futility analysis until Ms. Martinez is added to the case and can file a motion to dismiss if she chooses to do so. Furthermore, Plaintiff argues that Ms. Martinez acted with sufficient intentionality to violate Plaintiff's Fourth Amendment rights, and that California law does not provide immunity for an unlawful arrest.

After consideration, the Court finds that the claims are not so futile to warrant denial of Plaintiff's motion to amend. Plaintiff's amended complaint alleges that Ms. Martinez's actions or omissions directly resulted in Plaintiff's wrongful arrest. Moreover, her actions occurred while employed by Defendant City of Tulare as Records Specialist. The claims are sufficiently colorable to allow amendment.

## IV.  CONCLUSION

For the foregoing reasons,

1. The Court GRANTS Plaintiff's motion to amend the complaint, (ECF No. 36), without prejudice to Ms. Martinez filing a motion to dismiss.
2. Plaintiff shall file the second amended complaint on the docket no later than December 10, 2025.
3. The Clerk of Court is directed to add Roxann Martinez to the docket and to issue a summons for Roxann Martinez.

IT IS SO ORDERED.

Dated:   **December 4, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

5